UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-355(1)(MJD/JGL)

United States of America,

Plaintiff,

vs.

Jocat Octavio Janez,

Defendant.

**JANEZ' POSITION WITH REGARD TO SENTENCING FACTORS**

Defendant Jocat Octavio Janez, [true name: Marco Antonio Lucio Garcia], by and through undersigned counsel, hereby requests this Court to consider the following in rendering a "reasonable" post Booker/Fanfan sentence - - considering all the enumerated factors in 18 U.S.C. §3553(a)(1)-(7).

**I. Career Offender Designation Overstates Criminal Record.**

The Presentence Report at paragraph 32 determined that defendant's criminal history category is VI pursuant to U.S.S.G. §4B1.1. The underlying convictions triggering the career offender designation consist of a November 14, 1988 conviction for unlawful possession of marijuana; a January 14, 1993 conviction for unlawful possession of marijuana; and a January 1, 1994 conviction for conspiracy to possess with intent to distribute marijuana. The total amount of marijuana involved in these three cases was 121 lbs.

Defendant's actual criminal history points (12) would place him in Criminal History Category V. Defendant's position is that

Criminal History Category V is a more accurate reflection of defendant's criminal history than the career offender assessment of Criminal History Category VI.

Pre Booker/Fanfan, the application of §4B1.1 would have been almost automatic. Post Booker/Fanfan, it is suggested that §4B1.1 is "advisory" and that this Court should determine whether it is "reasonable" under the particular circumstances of this case to apply §4B1.1. Even pre Booker/Fanfan, U.S.S.G. §4A1.3 provided this Court with leeway in determining whether mathematical computation of points could overstate a defendant's criminal history.

Therefore, it is urged upon this Court that a "reasonable" post Booker/Fanfan sentence - - determined under all the enumerated factors in 18 U.S.C. §3553(a)(1)-(7) - - is a total offense level of 23 and a Criminal History Category V - - subjecting defendant to 84-105 months imprisonment.

**II. Imperfect Substantial Assistance.**

The government has determined that motions for downward departure under 18 U.S.C. §5K1.1 and/or 18 U.S.C. §3553(e) will not be filed. While the government is entitled to its good faith assessment on the issue of "substantial assistance," it is still urged upon this Court that imperfect "substantial assistance" may be a factor for this Court to consider in rendering a "reasonable" sentence.

Defendant proffered on October 25, 2005; November 21, 2005;

and again on March 15, 2006. Present at the proffers were state and federal law enforcement personnel. Law enforcement learned of specifics regarding large quantities of various controlled substances and the manner and means of their distribution across the United States. They learned details concerning the circumstances of a homicide.

In addition, defendant submitted a six-page writing with additional details. The fact that law enforcement were not able to generate an arrest, a search warrant or other form of prosecution to date is in large part due to the staleness of information. Defendant has been in custody for approximately one and a half years. Because of that time in custody, his ability to keep contact with his former cohorts is very difficult. Law enforcement still has the benefit of increasing its data base.

Under the totality of the circumstances, it is respectfully requested that this Court take judicial notice of defendant's remorse and attempts to turn the corner on his criminal past.

Dated: June 28, 2006 Respectfully submitted,

**WILLIAM M. ORTH**

By s/William M. Orth
William M. Orth
MN No. 127504; WI No. 1019335
247 Third Avenue South
Minneapolis, MN 55415
(612) 333-6440

Attorney for Defendant