UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-355(1)(MJD/JGL)

United States of America,

Plaintiff,

vs.

Jocat Octavio Janez
[true name: Marco Lucio Garcia],

Defendant.

**JANEZ' POST SENTENCING MOTIONS**

**I.**

Defendant Jocat Octavio Janez [true name: Marco Lucio Garcia], by and through undersigned counsel and pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, hereby moves this Court for a 30 day extension of the deadline for filing Notice of Appeal in the above-captioned case. The "good cause" for this extension is to enable this Court to rule on defendant's motion in II to consider resentencing.

**II.**

Defendant Jocat Octavio Janez [true name: Marco Lucio Garcia], by and through undersigned counsel and pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, hereby moves this Court to correct the 168 month sentence imposed on July 6, 2006.

Undersigned counsel should have brought this issue to the Court's attention at sentencing on July 6, 2006. Undersigned counsel's failure to do so should not prejudice defendant's right

to reconsider the sentence imposed in light of the following arguments.

This Court hesitated during sentencing and examined at the bench either the United States Sentencing Guidelines or statutory provisions with regard to sentencing. This Court mentioned that there was no avenue - - given deference to the "advisory" United States Sentencing Guidelines - - to sentence defendant at or near the mandatory minimum sentence of 120 months. If this 120 month mandatory minimum sentence were deemed by this Court to be a "reasonable" post Booker/Fanfan sentence considering all the enumerated factors in 18 U.S.C. §3553(a)(1)-(7), the following is a suggested justification for why such a sentence reflects a Guidelines sentence.

Defendant sought before sentencing to be designated in Criminal History Category V. This Court eventually pronounced sentence on defendant in Criminal History Category V. However, this Criminal History Category reduction from VI to V was applied to the career offender offense level of 31 and not to the §2D1.11 base offense level of 23 from the drug table. The offense level of 31 was obtained after application of U.S.S.G. §4B1.1(b) which raised defendant's criminal history from V to VI and total offense level from 23 to 34 [34 minus 3 points for acceptance of responsibility equals 31].

Post Booker/Fanfan, the double penalty anticipated by application of U.S.S.G. §4B1.1 is "advisory" and not automatic

unless “reasonable.” The double penalty occurs in the automatic raising of the Criminal History Category to VI and the automatic raising of the offense level according to the offense statutory maximum. In this case, from 23 to 34.

It is respectfully suggested to this Court that automatic application of §4B1.1 should be weighed against a post Booker/Fanfan consideration of what is “reasonable.” This Court agreed with defendant that Criminal History Category V more closely represented defendant’s criminal history category for the purposes of sentencing.

If this Court further agrees with defendant that raising the total offense level from 23 to 34 is “advisory”, then this Court may sentence pursuant to the presumptive drug quantity Guidelines [offense level 23] or the career offender level contemplated by application of §4B1.1 [offense level 31] - - or any “reasonable” offense level between these two. The underlying offense involved less than two pounds of powder cocaine and defendant rendered ample but non substantial assistance.

Under this analysis, this Court could satisfy concerns about rendering a serious sentence and giving due deference in the post Booker/Fanfan world to what is a “reasonable” sentence. It is suggested that the 120 month mandatory minimum sentence that this Court referenced on June 30, 2006 would accomplish both goals.

## CONCLUSION

Based on the foregoing, it is respectfully requested that this Court order resentencing or issue an order pursuant to Rule 35(a) consistent with the above arguments and reduce the sentence of Jocat Janez [Marco Lucio Garcia] to 120 months.

Dated: July 12, 2006 Respectfully submitted,

**WILLIAM M. ORTH**

By s/William M. Orth
William M. Orth
MN No. 127504; WI No. 1019335
247 Third Avenue South
Minneapolis, MN 55415
(612) 333-6440

Attorney for Defendant