UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-355(1)(MJD/JGL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S RESPONSE TO** |
| | ) | **DEFENDANT'S** |
| v. | ) | **MOTION TO MODIFY SENTENCE** |
| | ) | |
| JOCAT OCTAVIO JANEZ, | ) | |
| a/k/a "TONY", | ) | |
| a/k/a Marco Antonio Garcia, | ) | |
| | ) | |
| Defendant. | ) | |

Comes now the United States, by and through its attorneys Rachel K. Paulose, United States Attorney for the District of Minnesota, and Ann M. Anaya, Assistant United States Attorney, and hereby submits the following memorandum in opposition to defendant's Motion to Modify Sentence.

**PROCEDURAL HISTORY**

As the Court is aware, an Indictment was filed in the District of Minnesota charging the defendant with Conspiracy to Distribute and Possession with Intent to Distribute in excess of 500 grams of Cocaine and Aiding and Abetting Possession with Intent to Distribute in excess of 500 grams of cocaine. This indictment was the result of a narcotics investigation conducted by the Drug Enforcement Administration Task Force.

On May 27, 2004, Mr. Janez pled guilty to Count 1 of the Indictment charging him with conspiracy to possess and possession with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. Under the Federal Sentencing Guidelines, the Court found the proper calculation of the applicable guideline range to be 188-235 months.

At his sentencing, the defendant requested a variance from the guideline range under two theories, overstated criminal history and imperfect substantial assistance. This Court sentenced the defendant on July 6, 2006 to 168 months imprisonment, 20 months lower than the bottom of the 188-235 month applicable guideline range. Defendant Janez now seeks a modification of the Court's sentence.

**I. THERE IS NO BASIS TO MODIFY THE COURT'S SENTENCE**

Pursuant to 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment once it has been imposed except in the following circumstances:

(1) upon motion of the Director of the Bureau of Prisons;

(2) where the relevant sentencing range is subsequently lowered by the Sentencing Commission; or

(3) as permitted by Fed.R.Crim.P. 35 or as otherwise expressly permitted by statute.

Federal Rule of Criminal Procedure 35 in turn authorizes a correction or reduction of sentence (a) to correct a technical,

arithmetic or other clear error; or (b) on motion of the government where the defendant has provided substantial assistance.

Defendant's motion does not set forth any legal basis by which the Court may modify the sentence imposed or the sentence imposed on him. Nor does one exist.

At sentencing, a district court must determine the appropriate guideline sentencing range, including whether "a traditional departure is appropriate under . . . the federal Sentencing Guidelines." United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005).

Once the guidelines are properly employed, the Court must review the "sentence for unreasonableness, guided by the sentencing factors listed in 18 U.S.C. § 3553(a)." United States v. Pizano, 403 F.3d 991, 995 (8th Cir. 2005). The standard of review for reasonableness of a sentence is abuse of discretion. United States v. Larrabee, 436 F.3d 890, 892 (8th Cir. 2006). A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but commits a clear error of judgment "by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." Haack, 403 F.3d at 1004.

In this case, the Court properly calculated the sentencing

guideline and then considered the reasonableness factors in 18 U.S.C. § 3553(a). The defendant's assertion that the Court failed to consider the overstated criminal history and reasonableness consideration in sentencing, are not appropriate grounds upon which to grant his motion. Further, the government contends the Court fully considered the reasonableness factors in 18 U.S.C.§3553(a) and chose to allow for a 20 month downward variance from the applicable guideline range.

For the foregoing reasons, defendant's motion should be denied.

Dated: July 18, 2006

Respectfully Submitted,

RACHEL K. PAULOSE
United States Attorney

s/ Ann Anaya

BY: ANN M. ANAYA
Assistant U.S. Attorney
Attorney ID Number 243668