# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 06-2941

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Marco Antonio Lucio Garcia, also | * | District of Minnesota. |
| known as Jocat Octavio Janez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

Submitted: June 1, 2007
Filed: June 6, 2007

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

PER CURIAM.

Marco Antonio Lucio Garcia challenges the 168-month prison sentence imposed by the district court[1] following his guilty plea to a drug offense, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. Garcia argues on appeal that the district court erroneously interpreted and applied the advisory Guidelines by treating U.S.S.G. § 4B1.1 as mandatory, and thus the court mistakenly believed it lacked discretion to sentence him to the statutory minimum of 120 months in prison. We affirm.

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

We conclude that the district court did not commit any legal error in its interpretation or application of the Guidelines. The record indicates that the court properly determined Garcia's applicable advisory Guidelines range to be 188 to 235 months based in part on his career-offender status; that the court did not find departure under the Guidelines warranted; and that, in consideration of the 18 U.S.C. § 3553(a) factors, the court concluded a non-Guidelines sentence of 168 months in prison was reasonable. See United States v. Hawk Wing, 433 F.3d 622, 631 (8th Cir. 2006) (describing three-step process for determining appropriate sentence).

Because the court considered only relevant factors, including Garcia's history and characteristics, and gave such factors appropriate weight, we find no abuse of discretion and conclude that Garcia's sentence is reasonable. See United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (reasonableness of sentence is reviewed for abuse of discretion which may occur if: (1) court failed to consider relevant factor that should have received significant weight; (2) court gave significant weight to improper or irrelevant factor; or (3) court considered only appropriate factors but in weighing those factors committed clear error of judgment).

Finally, we find no merit to Garcia's contention that the district court mistakenly believed it lacked discretion to sentence him to 120 months in prison. The court clearly understood its authority to sentence Garcia below his advisory Guidelines range: the court granted him a 20-month downward variance. Ultimately, however, the court did not consider 120 months to be a reasonable sentence in light of Garcia's repeated offenses.

Accordingly, the judgment is affirmed.